UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER R. COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CV219 JCH |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This cause is on appeal from an adverse ruling of the Social Security Administration.

**I.     Procedural History**

On March 24, 2003, Claimant Heather Cole filed an application for Supplemental Security Income payments pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. (Tr. 86-88) and for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. (Tr. 127-29).[1] In her applications, Claimant asserts that her disability began on October 3, 2002, due to attention deficit disorder, bipolar disorder, compulsive behavior, and depression. (Tr. 86). On initial consideration, the Social Security Administration denied claimant's claims for benefits. (Tr. 78-81). Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 77). On February 19, 2004, a hearing was held before an ALJ. (Tr. 26-61). Claimant testified and was represented by counsel. (Id.). Jean Davis, Claimant's grandmother, also testified at the hearing. (Tr. 55-60). Thereafter, on August 5, 2004,

---

[1]"Tr." refers to the page of the administrative record filed by the Defendant with its Answer (Docket No. 12/filed April 19, 2005).

the ALJ issued a decision denying Claimant's claims for benefits. (Tr. 11-25). On December 3, 2004, the Appeals Council found no basis for changing the ALJ's decision and denied Claimant's request for review of the ALJ's decision. (Tr. 4-7). The ALJ's determination thus stands as the final decision of the Commissioner. 42 U.S.C. § 405(g).

## II.     The ALJ's Decision

The ALJ found that Claimant met the disability insured status requirements on October 3, 2002, the alleged onset date of disability, through the date of the decision. (Tr. 23). The ALJ found that Claimant has not engaged in substantial gainful activity since October 3, 2002. (Tr. 23). The ALJ found that the medical evidence establishes that Claimant has severe impairments of polysubstance dependence, borderline intellectual functioning, and a bipolar disorder, but her medically determinable impairments do not meet or equal one of the listed impairments set forth Appendix 1, Subpart P, Regulations No. 4. (Tr. 24). The ALJ was of the opinion that, considering all of her impairments, including her polysubstance abuse, Claimant's allegations of symptoms precluding all types of work are consistent with the evidence as a whole and are persuasive. The ALJ thus determined that Claimant is limited to simple work, is somewhat limited in interacting appropriately with coworkers, supervisors, and the public, and is unable to maintain a regular work presence or concentration and attention on work tasks because of ongoing polysubstance abuse. The ALJ concluded that, considering all of her impairments absent polysubstance abuse, Claimant's allegations of symptoms precluding all types of work are not consistent with the evidence as a whole, persuasive or credible. The ALJ thus determined that Claimant is limited to simple work and in interacting appropriately with coworkers, supervisors, and the public. (Tr. 24).

The ALJ found that Claimant has the residual functional capacity to perform her past-relevant work as a dietary aide inasmuch as it did not exceed her capacities for interacting appropriately with coworkers, supervisors, and the public. The ALJ concluded that Claimant did not sustain her burden of proving she is incapable of performing her past relevant work as a dietary aide when she refrains from substance abuse. The ALJ determined that Claimant's substance abuse is material to the finding of disability. Considering Claimant's residual functional capacity and past-relevant work, the ALJ found Claimant not disabled. (Tr. 24). The ALJ further found that Claimant was not under a disability at any time through the date of his decision and was not entitled to a period of disability or disability insurance benefits or eligible for Supplemental Security Income payments, because her substance abuse was material to the finding of disability. (Tr. 25).

**III. Discussion**

Because the undersigned finds that this case should be remanded due to ALJ error in evaluating the medical evidence, the Court will discuss only the pertinent evidence in the record. In his decision, the ALJ found that, as of Claimant's date last insured, she had the severe impairments of polysubstance dependence, borderline intellectual functioning, and bipolar disorder. The ALJ, however, determined that, absent the polysubstance dependence, Claimant's allegations of symptoms precluding all types of work were neither consistent with the evidence as a whole, persuasive, nor credible. The ALJ concluded that Claimant was able to perform her past relevant work as a dietary aide and thus was not under a disability as defined in the Social Security Act.

The ALJ's duty in the instant case was complicated by Claimant's long history of drug and alcohol abuse. Under 1966 amendments to the Social Security Act, if alcohol or drug abuse is a

"contributing factor material to the Commissioner's determination" of a disability, the claimant is not entitled to benefits. 42 U.S.C. §423(d)(2)(C); 20 C.F.R. § 404.1535. This amendment is interpreted as barring benefits "if alcohol or drug abuse comprises a contributing factor material to the determination of disability...." Brueggemann v. Barnhart, 348 F.3d 689, 693 (8th Cir. 2003). In the determination whether the substance abuse is "material," the claimant has the burden of demonstrating that she would still be disabled if she were to stop using drugs or alcohol. 20 C.F.R. § 416.935(b)(1); Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002). Nonetheless, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002).

Among other arguments, Claimant contends that the ALJ failed to discuss or assess the medical opinion of Dr. Michael Armour, a clinical psychologist.[2] Claimant also argues that the ALJ's decision is not supported by substantial evidence on the record as a whole, because the ALJ erred by not finding she is disabled absent substance abuse in finding that her impairments do not meet Listing 12.05,[3] for mental retardation.

---

[2]Indeed, Defendant concedes that the ALJ did not consider Dr. Armour's findings by noting: "[p]erhaps the ALJ's recitation of the medical evidence would have been more complete if he had included Dr. Armour's examination." Defendant's Brief in Support of the Answer, Docket #15 at p. 11.

[3]Claimant contends that the ALJ erred in finding that her impairments do not meet Listing 12.05:
Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. The introductory paragraph mandates that "the deficits in adaptive functioning are initially manifested before age 22" but does not require a formal diagnosis of mental retardation. Maresh v. Barnhart, No.04-4142, slip op. at 3 (8th Cir. Feb. 27, 2006).

The ALJ failed to comply with the strictures of § 416.927(f)(2)(ii) by even addressing Dr. Michael Armour's findings set forth in the Psychological Report. (Tr. 232-37). On May 22, 2003, Dr. Armour completed a psychological evaluation on referral by Disability Determinations. (Tr. 232). Ms. Barbara Huffman of Disability Determinations requested the evaluation of Claimant for a detailed history, a current mental status examination, a medical source statement, an assessment of possible drug use or malingering, and an opinion regarding Claimant's ability to manage her own funds. (Tr. 232). Dr. Armour conducted a clinical interview of Claimant and reviewed the records forwarded by Disability Determinations including Claimant's school records from St. Louis County Special School District and psychiatric treatment notes from St. Anthony's Medical Center. (Tr. 232, 235). In his diagnosis, Dr. Armour found Claimant to have bipolar II disorder, amphetamine abuse, cocaine abuse, cannabis abuse, borderline personality disorder, and a current GAF of 50.[4] Although the opinions of examining consultative physicians are not substantial evidence per se, their opinions still constitute evidence that the ALJ needed to consider, along with the rest of the file. See Kelly v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) ("The opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence."); 20 C.F.R. § 416.927(d) ("Regardless of its source, we will evaluate every medical opinion we receive."). Claimant's argument regarding the ALJ's failure to consider Dr. Armour's findings is persuasive. A review of the ALJ's decision shows that the ALJ failed to evaluate Dr. Armour's findings using the relevant factors in 20 C.F.R. §416.927(a)-(e), "such as the physician's or psychologists medical speciality and expertise in our rules, the supporting evidence in the case record, supporting

---

[4] A GAF score of 41-50 indicates "serious symptoms ... or any serious impairment in social, occupational, or school functioning." See Diagnostic Statistics Manuel of Mental Disorders (DSM-IV).

explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions." See 20 C.F.R. § 416.927(f)(2)(ii). Unless a treating physician's opinion is given controlling weight, the ALJ's decision must explain the weight given to the opinions of a medical consultant. See id. In the narrative discussion section of his decision, the ALJ "must ... explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. Although Dr. Armour conducted a comprehensive examination of Claimant and reviewed her school records and psychiatric treatment records and made findings regarding the impact of her medical conditions on her ability to function, the ALJ failed to address his findings and set forth no reasons for discrediting his findings in the ALJ's decision.

Thus, the undersigned cannot properly conclude that substantial evidence supports the ALJ's decision. For the reasons set forth above, the decision of the ALJ is reversed and remanded to make findings explaining the weight given to the medical source opinions. Because Dr. Armour's findings are not mentioned in the ALJ's decision, the undersigned cannot determine whether the ALJ actually considered this evidence. Cf. Smith v. Heckler, 735 F.2d 312, 317 (8th Cir. 1984) (ALJ must specifically discuss rejection of claimant's witness' testimony and must make express credibility determinations). Thus, this case is remanded for reconsideration and for more specific findings regarding the medical evidence.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Under sentence four, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness

of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[5] As previously stated, after review of the record in this case, the undersigned finds that the cause should be remanded to the Commissioner to allow the ALJ to properly evaluate the findings of Dr. Armour and explicitly consider Claimant's impairments under Listing 12.05. Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the final decision of the Commissioner denying social security benefits be **REVERSED** and this case be **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum and Order.

An appropriate Judgment of Remand will accompany this Order.

Dated this 27th day of March, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the ALJ clearly failed to consider all of the medical evidence on the record.